UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RAYMOND CARTON,

        Plaintiff,                                          3:13 - CV- 379 (CSH)

  v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL            JANUARY 9, 2014
SECURITY,

        Defendant.

## RULING ADOPTING MAGISTRATE JUDGE'S RECOMMENDED RULING

**HAIGHT, Senior District Judge:**

     This action, filed under §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended, sought review of a final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff Raymond Carton disability insurance benefits and supplemental security income benefits. Plaintiff maintains that he has been disabled since January 1, 2010, due to mental disorders and emotional problems and is unable to pursue gainful employment.

     Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court designated Magistrate Judge Joan G. Margolis to conduct any necessary hearing, review the evidence, and submit to this Court recommendations for disposition of the case. On December 9, 2013, Magistrate Judge Margolis filed and submitted to this Court her Recommended Ruling [Doc. 14], concluding that the decision of the Commissioner was based on an improper application of the relevant law and was thus not

1

Case 3:13-cv-00379-CSH   Document 15   Filed 01/09/14   Page 2 of 4

supported by substantial evidence. Accordingly, she recommended that the decision be reversed and the case remanded to the Commissioner for further proceedings. To date, the Commissioner has filed no objection to the Recommended Ruling and the time to object has expired, 28 U.S.C. § 636(b).[1]

The Court has carefully reviewed the Recommended Ruling [Doc. 14], the findings of fact and law contained therein, and the parties' briefed arguments in support of their underlying motions.[2] The Court concludes that it agrees with the Recommended Ruling. Specifically, the Court concurs with Magistrate Judge Margolis's finding that, in reaching her decision, Administrative Law Judge ("ALJ") Amita B. Tracy failed to properly apply the governing "treating physician" rule, which affords "controlling weight" to the opinion of the physician who provided primary treatment to the claimant if that opinion is "well supported by medical findings and not inconsistent with other substantial evidence," *Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). *See also Clark v. Comm'r of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

In particular, the Court agrees with Magistrate Judge Margolis that "[i]n light of the extensive consistent treatment records and the half dozen treating source statements, the ALJ did not properly apply the treating physician rule when she assigned little weight to the treating source

---

[1] Pursuant to 28 U.S.C. § 636(b), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations as provided by rules of court." Because the Recommended Ruling was filed on December 9, 2013, the period to object expired on December 23, 2013.

[2] Moreover, the Court has reviewed the additional authority Plaintiff presented in support of his "Motion to Reverse the Decision of the Commissioner" [Doc. 11], and ADOPTS Magistrate Judge Margolis's ruling GRANTING Plaintiff's "Motion to Amend" [Doc. 12] (*i.e.*, supplement) his motion to reverse with said authority. *See* Doc. 14, p. 2 n.4.

opinions in favor of the duplicative non-examining sources' opinions that lack support in the record." Doc. 14, p. 28. Rejection of the treating source's opinions resulted in findings that were unsupported by, and actually conflicted with, substantial evidence in the record. *See, e.g., id.*, p. 28-29 (ALJ erred in emphasizing Plaintiff's return to school over treating physician's opinions where evidence in record revealed that Plaintiff ultimately withdrew from school because he felt overwhelmed by his classes).[3]

A federal court may properly set aside the ALJ's decision "where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)(per curiam)). Therefore, the ALJ's decision, as adopted by the Commissioner, denying Plaintiff disability insurance benefits and supplemental security income benefits, will be reversed.

In sum, concurring with the Magistrate Judge's conclusions, based on the administrative record, and absent objection by Defendant within the requisite 14-day period following entry of the Magistrate Judge's "proposed findings and recommendations," 28 U.S.C. § 636(b), the Court hereby ADOPTS the Recommended Ruling [Doc. 14].[4] Accordingly, Plaintiff's "Motion to Reverse the

---

[3] In making her erroneous findings, ALJ Tracy failed to address key evidence in the record, such as Plaintiff's withdrawal from his classes. Doc. 14, p. 28-29. In so doing, she was likely unable to comprehensively set forth her reasons for "assign[ing] little weight to the treating source opinions in favor of the . . . duplicative non-examining source statements," Doc. 14, p. 28. *See Burgess*, 537 F.3d at 129 ("After considering [all relevant] factors, the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'") (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). *See also* 20 C.F.R. § 404.1527(c)(2) (stating that the agency "*will always give good reasons* in [its] notice of determination or decision for the weight [it] give[s] [the claimant's] treating source's opinion") (emphasis added).

[4] Failure to file a timely objection to a magistrate judge's recommended ruling may preclude further appeal to the United States Court of Appeals, Second Circuit. *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). *Accord Graham v. City of*

Decision of the Commissioner" [Doc. 11] is GRANTED; and Defendant's "Motion for An Order Affirming the Commissioner's Decision" [Doc. 13] is DENIED. The case is hereby REMANDED to the Commissioner for further proceedings consistent with the adopted Recommended Ruling. The Clerk of the Court is directed to close the file.

    It is SO ORDERED.

    Dated: New Haven, Connecticut
          January 9, 2014

                                      */s/Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      SENIOR UNITED STATES DISTRICT JUDGE

---

*New York*, 443 F. App'x 657, 658 (2d Cir. 2011) ("It is the rule in this Circuit that a party's 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'") (quoting *Small*, 892 F.2d at 16).